<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEPHEN A. GARDNER, | : | Civil No. 09-1410 (FLW) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

       STEPHEN A. GARDNER, <u>Pro Se</u>
       Somerset County Jail
       20 Grove Street
       Somerville, New Jersey 08876

<u>**WOLFSON, District Judge**</u>

Plaintiff Stephen A. Gardner, who is presently confined at Somerset County Jail, seeks to file a complaint <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant <u>in</u> <u>forma</u> <u>pauperis</u> status to Plaintiff. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

### I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights by the State of New Jersey, the

County of Somerset, New Jersey, and the North Plainfield Police Department.  He asserts the

following facts, which this Court is required to regard as true for the purposes of this review.  See

Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  On May 21, 2008, North Plainfield police

officer Enrico Perrone stopped Plaintiff on the Plainfield City line and asked Plaintiff to

accompany him to headquarters for questioning.  Plaintiff states that he agreed.  Plaintiff alleges

that he was placed into an interrogation room at headquarters and Detective Florek entered the

room, handed Plaintiff a Miranda sheet and asked Plaintiff to sign it.  Florek allegedly indicated

that two victims had identified Plaintiff from a photo lineup as the person who had robbed each

victim, and the police were arresting him for robbery.  Plaintiff asserts that he informed Florek

that he knew nothing about any robberies and Florek left.  Plaintiff states that about 45 minutes

later Detective McKay entered the room and began to question Plaintiff about five armed

robberies.  Plaintiff again indicated that he had no knowledge of these robberies, but McKay told

Plaintiff they had evidence connecting him to the robberies obtained from Plaintiff's home.

Plaintiff further asserts that on June 18, 2008, he received a copy of the affidavit of

probable cause for his arrest.  The affidavit allegedly indicates that two victims (Burgos and

Rosales) had identified Plaintiff in a photo lineup after Burgos had described the perpetrator as a

Black male, 5'8" tall and 19 years of age, and Rosales had described the perpetrator as a Black

male, 6' tall, 25 years of age, with a full beard.  Plaintiff contends that he did not match these

descriptions, as he is 21 years old, 5'7" tall and has no facial hair.  Plaintiff questions how he is

being charged with first degree robbery under these circumstances.  He seeks damages and

attorneys fees for violation of his constitutional rights.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as

practicable after docketing, to review a complaint in a civil action in which a plaintiff is

proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or

entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte

dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint

"must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a

short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach

allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P.

8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations

describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see

also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the

United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the

Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it." Twombly, 127 S. Ct. at 1965 n.3.  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.
>
> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus:  stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

## III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person

deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law.  See West v. Atkins,

487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v.

Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

The problem with Plaintiff's Complaint is that neither the State of New Jersey nor the

North Plainfield Police Department are "persons" which may be subject to suit under § 1983 for

alleged constitutional violations.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989);

Madden v. New Jersey State Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971).  Accordingly,

the Complaint does not state a cognizable federal claim against those defendants.  Although the

County of Somerset may be sued under § 1983, it "cannot be held liable solely because it

employs a tortfeasor."  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691

(1978).  Rather, "it is when execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts and acts may fairly be said to represent official policy,

inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.

Because Plaintiff does not allege the execution of a policy or custom of Somerset County which

caused violation of his constitutional rights, the Complaint, as written, does not state a claim

under § 1983 against the county, and will be dismissed for failure to state a claim upon which

relief may be granted.

However, Plaintiff may be able to cure the defects in the Complaint by filing an amended

complaint.[1]  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (unless

amendment would be futile, district court may not dismiss complaint without permitting

amendment).

Therefore, the dismissal is without prejudice to Plaintiff's filing an amended complaint which

states a cognizable federal claim against at least one proper defendant.[2]

---

[1] The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause.  See Albright v. Oliver, 510 U.S. 266, 274-75 (1994).  But "when an officer has probable cause to believe a person committed even a minor crime . . . [t]he arrest is constitutionally reasonable."  Virginia v. Moore, 128 S. Ct. 1598, 1604 (2008); see also Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996) ("To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested").

[2] If Plaintiff files an amended complaint, he may elect to name as defendants the individuals who were allegedly involved in the wrongdoing.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").  In addition, Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].  6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed <u>in</u>

<u>forma</u> <u>pauperis</u> and dismisses the Complaint without prejudice to the filing of an amended

complaint within 30 days.


                                          s/Freda L. Wolfson

                                          **FREDA L. WOLFSON**

                                          United States District Judge


Dated:     March 31 , 2009