UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN A. GARDNER, | Hon. Freda L. Wolfson |
| Plaintiff, | |
| | Civil No. 09-1410 (FLW) |
| v. | |
| STATE OF NEW JERSEY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

This matter coming before the Court upon Plaintiff's submission of a Complaint which was construed as an Amended Complaint in the above action, and it appearing that:

1. Plaintiff, a prisoner incarcerated at Somerset County Jail, filed a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915 asserting violation of his constitutional rights under 42 U.S.C. § 1983.

2. By Order and Opinion entered March 31, 2009, this Court dismissed the Complaint because neither of the named defendants (State of New Jersey and North Plainfield Police Department) were persons who may be subject to suit under 42 U.S.C. § 1983 for alleged constitutional violations. The dismissal was without prejudice to the submission for the Court's review of a proposed amended complaint within 30 days of the date of the entry of the Order.

3. The Prison Litigation Reform Act requires the Court to dismiss at any time a civil action brought by a prisoner who is proceeding in forma pauperis if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

4. The Supreme Court recently refined the "failure to state a claim" standard in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). The Court identified two working principles in reviewing the sufficiency of a complaint under Rule 8(a)(2) of the Federal Rules of Civil Procedure:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

<u>Iqbal</u>, 129 S. Ct. at 11949-1950 (citations omitted).

5. On April 27, 2009, the Court received Plaintiff's Amended Complaint dated April 23, 2009.  This Court will reopen the file in order to screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

6. In the Amended Complaint, Plaintiff seeks damages from North Plainfield Detectives McKay and Florek, Police Chief Parentz, and Somerset County.  He asserts that on May 21, 2008, police officer Perrone stopped Plaintiff on the street and asked him if he would be willing to go to headquarters for questioning.  Plaintiff states that he agreed, as Perrone said Plaintiff was not being arrested.  Once at headquarters, Detective Florek gave Plaintiff a Miranda sheet to sign. When Plaintiff asked why, Florek allegedly informed Plaintiff that Plaintiff had been identified by two victims as a robber in a photo lineup.  Plaintiff alleges that the police chief was aware of this interrogation and should have made sure that the detective read Plaintiff his Miranda rights

prior to interrogating him.  Plaintiff asserts that on June 18, 2008, he received a copy of the affidavit of probable cause for his arrest.  According to Plaintiff, the affidavit states that victims Burgos and Rosales had identified Plaintiff in a photo lineup, even though Burgos had previously described the perpetrator as a Black male, 5'8" and 19 years old, and Rosales had described him as 6' tall, 25 years of age with a beard.  Plaintiff, who is 21 years old, 5'7" tall, and has a goatee and mustache, questions why he was charged with these crimes when he did not match the descriptions given by the victims.  Plaintiff seeks damages.

       7.  This Court reads Plaintiff's allegations as an attempt to assert violation of the Self-Incrimination Clause.  To be sure, Miranda v. Arizona, 384 U.S. 436 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444.  The problem with Plaintiff's Self-Incrimination Clause claim, however, is that questioning a person in custody is not a basis for a § 1983 claim unless and until the incriminating statement is used in a criminal trial.  See Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760, 767 (2003) (it is not until the use of a defendant's statements in a criminal case that a violation of the Self-Incrimination Clause occurs) (plurality opinion); James v. York County Police Dep't, 160 Fed. Appx. 126 (3d Cir. 2005).  Because Plaintiff does not assert that any incriminating statement he made was used against him in a criminal trial, his Miranda claim fails.

       8.  To the extent that Plaintiff seeks to assert a Fourth Amendment seizure claim based on his arrest, the claim fails because the identification of Plaintiff in a photo lineup by two victims provided probable cause for Plaintiff's arrest.  See Virginia v. Moore, 128 S. Ct. 1598, 1604

3

(2008) ("when an officer has probable cause to believe a person committed even a minor crime . . . [t]he arrest is constitutionally reasonable"); Mosley v. Wilson, 102 F. 3d 85, 94-95 (3d Cir. 1996) ("To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested").

     9. Based on the foregoing, this Court will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. Because this Court does not discern how additional amendment of the Amended Complaint would state a claim, this Court will not grant leave to file a second amended complaint.

     10. An appropriate Order accompanies this Opinion.

     s/Freda L. Wolfson
**FREDA L. WOLFSON**
District Judge

Dated: November 4, 2009